IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES F. BROWN                                                                                           PLAINTIFF

v.                           Civil No. 1:06-cv-01020

SHERIFF KEN JONES; JAIL
ADMINISTRATOR DARRELL
EASTER; NURSE DEBBIE HOWARD;
and KITCHEN SUPERVISOR TESS MASSEY                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

James F. Brown filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on February 17, 2006. His complaint was filed *in forma pauperis* (IFP). Currently pending are two motions to dismiss (Doc. 27 & Doc. 29) filed by the Defendants.

### DISCUSSION

On June 26, 2007, the Defendants filed a motion to compel (Doc. 25). The motion to compel was granted by order entered on July 24, 2007 (Doc. 26). Plaintiff was directed to provide Defendants with the required responses to the discovery requests by 5:00 p.m. on August 6, 2007.

On August 29, 2007, the Defendants filed a motion to dismiss (Doc. 27). In their motion to dismiss, Defendants stated that they had not received the discovery responses or any communication from the Plaintiff about the discovery responses.

On September 5, 2007, a show cause order (Doc. 28) order was entered. Plaintiff was given until September 18, 2007, to show cause why this case should not be summarily dismissed based on his failure to obey the orders of this court and his failure to prosecute this case. Plaintiff was advised that if he failed to respond to the show cause order I would recommend that this case be dismissed.

To date, Plaintiff has not responded to the show cause order. On September 19, 2007,

defendants filed a second motion to dismiss (Doc. 29). As of September 19th, Defendants assert they have not received any discovery responses from the Plaintiff.

## CONCLUSION

I therefore recommend that the Defendants' motions to dismiss (Doc. 27 & Doc. 29) be granted. This case should be dismissed based on Plaintiff's failure to comply with the orders of the court and his failure to prosecute this action. *See* Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of September 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE